UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREAT WEST CAUSALTY CO.,

Plaintiff,

v.

PACIFIC GATEWAY TRANSPORT, INC., et al.,

Defendant.

No. 2:25–cv–02176–TLN–CKD

FINDINGS AND RECOMMENDATIONS

(ECF No. 25)

Pending before the Court is plaintiff Great West Casualty Co.'s ("Great West") Motion for Default Judgment as to defendants Pacific Gateway Transport, Inc. ("Pacific Gateway") and Baljit Singh Sandhu. (ECF No. 25.)

Defendants Pacific Gateway and Sandhu have neither appeared nor opposed the motion. The Court previously vacated the hearing noticed for September 9, 2026, and submitted the motion on the record pursuant to Local Rule 230(g). For the reasons set forth below, the Court recommends DENYING the Motion for Default Judgment without prejudice.

/ / /

/ / /

/ / /

**BACKGROUND**

The FAC alleges Defendant Barjinder Singh Dhillon was a passenger in a vehicle driven by defendant Baljit Singh Sandhu on behalf of defendant Pacific Gateway on March 13, 2023. (ECF No. 11 at ¶ 12.) The FAC alleges the following incidents occurred: (1) at approximately 5:15 am, the vehicle driven by defendant Sandhu was driving westbound on California State Route 44 and slid on ice into a south shoulder snow berm, jackknifed, and overturned; and (2) at approximately 5:43 am, a vehicle driven by an individual named Tammy Thompson struck the overturned vehicle and further injured defendant Dhillon. Id. at ¶¶ 12-13. On December 6, 2023, defendant Dhillon filed the underlying state action: Dhillon v. Pacific Gateway Transportation, Case No. 23CV012845, in the Sacramento County Superior Court, alleging personal injury causes of action against defendants Pacific Gateway, Sandhu, and Ms. Thompson. (ECF No. 11-1 at 2-6.)

Plaintiff Great West alleges it provided an insurance policy for defendant Pacific Gateway, effective March 20, 2022 to March 20, 2023. (ECF No. 11 at ¶ 15.) Plaintiff alleges it was informed of the underlying accident by defendant Pacific Gateway on July 6, 2023, and agreed to defend defendants Pacific Gateway and Sandhu in the underlying action. Id. at 17. Plaintiff contends that defendant Dhillon's position in the underlying lawsuit is that there are two "accident" limits available of $1,000,000 each under the policy for recovery against defendants Pacific Gateway and Sandhu. Id. ¶ 18. Plaintiff argues that there is only one accident limit that may be potentially available in the underlying action. Id. ¶ 19. Plaintiff commenced an action for declaratory relief and on September 9, 2025, filed a First Amended Complaint ("FAC") against defendants Dhillon, Pacific Gateway, and Singh. (ECF No. 11.) The FAC seeks relief in the form of a declaration that there is only one "accident" limit of $1,000,000 available to respond to the claims against defendants Pacific Gateway and Sandhu in the underlying action. Id. ¶¶ 22-24.

Defendant Dhillon appeared and filed a Motion to Dismiss the FAC on September 23, 2025. (ECF No. 16.) Defendants Pacific Gateway and Sandhu have not appeared in this action. See Docket. On November 12, 2025, the Clerk of the Court granted default for defendants Pacific Gateway and Sandhu. (ECF No. 23.) On July 31, 2026, plaintiff filed a Motion for Default

Judgment against defendants Pacific Gateway and Sandhu, with a hearing noticed for September 9, 2026. (ECF Nos. 25, 29.) On August 19, 2026, the undersigned vacated the September 9, 2026, hearing and gave defendants Pacific Gateway and Sandhu until September 9, 2026, to file an opposition to plaintiff's motion. (ECF No. 30.) Defendants Pacific Gateway and Sandhu have not responded to plaintiff's Motion for Default Judgement, and it is submitted on the record pursuant to Local Rule 230(g).

**LEGAL STANDARDS**

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought if that party fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). The decision to grant or deny an application for default judgment lies within the sound discretion of the district court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true except for the allegations relating to damages. TeleVideo Sys., Inc, 826 F.2d, at 917-18 (citing Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992), superseded by statute on other grounds, Pub. L. No. 100-702, 102 Stat. 4669. Where the pleadings are insufficient, the court may require the moving party to produce evidence in support of the motion for default judgment. See TeleVideo Sys., 826 F.2d at 917-18.

Default judgments are ordinarily disfavored. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). In making the determination whether to grant a motion for default judgment, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the

> strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id. at 1471-72.

**DISCUSSION**

**A. Request for Judicial Notice**

Plaintiff requests the Court take notice of a copy of the First Amended Complaint in the action Dhillon v. Pacific Gateway Transport, Inc., Case No. 23CV012845 in the Sacramento County Superior Court. (ECF No. 26.) "We 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue.'" Bias v. Moynihan, 508 F. 3d 1212, 1225 (9th Cir. 2007) (quoting Bennett v. Medtronic, 285 F. 3d 801, 803 n.2 (9th Cir. 2002)). Accordingly, plaintiff's request for judicial notice is granted.

**B. Motion for Default Judgment**

"As a general rule… cases should be decided on their merits whenever possible." Westchester Fire Ins. Co. v. Mendez, 585 F. 3d 1183, 1189 (9th Cir. 2009). "Where there are several defendants, the transgressions of one defaulting party should not ordinarily lead to the entry of a final judgment, let alone a judgment fatal to the interests of the other parties." Id.

Here, defendant Dhillon has appeared and moves to dismiss the FAC. (ECF No. 16.) The claim for declaratory relief is the same for each defendant. (ECF No. 11 at ¶¶ 22-24.) If the Court were to grant default judgment in favor of plaintiff, defendant Dhillon's rights would be adversely impacted by a declaration that only one "accident" is implicated under the terms of the insurance policy. See Scottsdale Ins. Co. v. Agrigenix, LLC, 2024 WL 3494174, at *3 (E.D. Cal. July 22, 2024) (finding it inappropriate to grant default judgment where the same claims for declaratory relief were asserted against defaulting and non-defaulting defendants). Additionally, a favorable ruling for plaintiff would be fatal to defendant Dhillon's ability to proceed on his own behalf, as the Motion to Dismiss is still pending before the district court. See Docket; see also Fed. Kemper Ins. Co. v. Rauscher, 807 F. 2d 345, 355 (3rd Cir. 1986) ("In terms of fairness, the injured party should be able to present its case upon the ultimate issues, even if the insured does not choose to

participate."); see also Maxum Indemnity Co. v. Endless Construction, Inc., 2009 WL 10723365, at *2 (W.D. Wash. Dec. 22, 2009) (declining to grant a motion for default judgment against insured defendants where granting would adversely impact injured defendants from pursuing remedies in the action); J & J Sports Prods., Inc. v. Pagliaro, 2013 WL 4402808, at *2 (E.D. Cal. Aug. 15, 2013) (citing In re First T.D. & Inv., Inc., 253 F. 3d 520, 532 (9th Cir. 2001)) ("In a case where the defendants are similarly situated so that they would have similar defenses, entering default judgment against the prevailing defendant could lead to an inconsistent result if the non-defaulting party were to ultimately prevail in the action."). Therefore, the Court recommends denying plaintiff's Motion for Default Judgment without prejudice.

**CONCLUSION**

Accordingly, it is HEREBY RECOMMENDED that plaintiff's Motion for Default Judgment (ECF No. 25) be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: October 13, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, grea.25cv2176